UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED

04 MAR -5 PM 3: 35

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ZACHARY LAWRENCE FAZEKAS, a minor, and SABRINA LEANNE FAZEKAS, a minor, by and through their father, LAWRENCE FAZEKAS, on behalf of themselves and all others similarly situated; LAWRENCE FAZEKAS, on behalf of himself and all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>INNOVATIVE COLLECTION CONCEPTS, INC., d/b/a NATIONAL CHILD SUPPORT, d/b/a NATIONAL CHILD SUPPORT CENTER, and FICTITIOUS DEFENDANTS A-N, being those persons, firms, partnerships, corporations, limited liability companies or entities who entered into unlawful contracts for collection of child support; DEFENDANTS A-N cannot be more particularly identified at this time but their identities will be promptly added by amendment as soon as ascertained,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL   CV-04-P-0451-W<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441, *et seq*, the defendant

identified in Plaintiffs' Complaint as Innovative Collection Concepts, Inc., d/b/a National

Child Support, d/b/a National Child Support Center ("NCS") hereby caused the removal of

B0370884                                            1

the above-referenced action pending in the Circuit Court of Tuscaloosa County, Alabama (Civil Action No. CV-2004-182), to the United States District Court for the Northern District of Alabama, Western Division on the combined basis of federal question and diversity jurisdiction. As grounds for removal, NCS states as follows:

<u>**Procedure Posture and Factual Background**</u>

On or about February 2, 2004, Zachary Lawrence Fazekas, a minor, and Sabrina Leanne Fazekas, a minor, by and through their father and next friend, Lawrence Fazekas, and Lawrence Fazekas, individually and on behalf of others similarly situated, commenced the present action against NCS. The action was originally filed in the Circuit Court of Tuscaloosa County, Alabama. The case was styled *Zachary Lawrence Fazekas, et al. v. Innovative Collection Concepts, Inc., d/b/a National Child Support d/b/a National Child Support Center, et al.*, Civil Action No. CV-2004-182. A copy of all process, pleadings and Orders served upon NCS are attached as Exhibit "A."

The Complaint contains a myriad of factual allegations. The Complaint is a putative class action. Two separate classes of plaintiffs are identified. The first class, identified as "The Children's Class," is a class consisting of all children entitled to receive child support pursuant to, or by virtue of, an original judgment of support or judgment of modification entered by Courts in all states in which the right to child support cannot be assigned to anyone other than the children to whom child support payments are owed, including without limitation, Alabama and Indiana, whose support is and/or was purportedly subject to any

agreement between NCS or the fictitious parties named in the Complaint and a custodial

parent to collect said child support at any time preceding the date if class certification. *See*

Complaint, ¶10. The second class, identified as "The Non-Custodial Parents Class," is a

class consisting of all non-custodial parents whose support payments are or were purportedly

subject to any agreement between NCS or the fictitious defendants and a custodial parent to

collect said child support, at any time preceding the date of class certification, in all states

in which the right to child support cannot be assigned to anyone other than the children to

whom child support payments are owed, including without limitation, Alabama and Indiana.

*See* Complaint, ¶11.

The Complaint alleges that Mr. Fazekas owed child support to the minor plaintiffs,

Zachary and Sabrina Fazekas. The Complaint further alleges that the mother of the minor

plaintiffs, Mary Hawkins, entered into a contract with NCS wherein NCS was appointed Ms.

Hawkins' exclusive agent to collect unpaid child support owed by Mr. Fazekas to the minor

plaintiffs. *See* Complaint, ¶ 20. The Complaint alleges that NCS attempted to collect the

past due child support obligations from Mr. Fazekas. The Complaint alleges that the

agreement between Ms. Hawkins and NCS is invalid under Alabama and Indiana law.[1]

---

[1] The Complaint references Indiana law on several occasions, but makes no specific reference to the reasons why Indiana law is cited in the Complaint. The reason Indiana law is referenced by Plaintiffs is because the Order establishing the minor plaintiffs' right to child support from Mr. Fazekas was entered by the Circuit Court of Porter County, Indiana. Thus, Indiana law would apply with respect to Mr. Fazekas' child support obligations.

The Complaint contains four Counts for declaratory and injunctive relief, money had and received, unjust enrichment and the establishment of a constructive trust. Plaintiffs seek unspecified damages.

## Statement Concerning Jurisdiction

This Court is invested with original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction) because this civil action arises under the laws of the United States, the parties are diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

*A.*   *Federal Question Jurisdiction*

This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

This case implicates provisions of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), 42 U.S.C. § 666 *et seq.*, inasmuch as it, in essence, seeks avoidance and/or modification of the child support obligations imposed upon Mr. Fazekas. The child support obligations at issue in this case were implemented pursuant to Indiana's version of the Uniform Interstate Family Support Act ("UIFSA"). Indiana's UIFSA was modeled, in part, after the PRWORA. As such, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. *See, e.g., Michigan Dept. of State*

*v. United States*, 166 F. Supp.2d 1228, 1233 (W.D. Mich. 2001) (holding district court had subject matter jurisdiction over matter addressing constitutionality of PRWORA).

###### B.    *Citizenship of Parties*

Complete diversity exists between the parties to this matter. Based on the allegations of the Complaint, the named parties are citizens of the State of Alabama.[2] NCS is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. NCS is, therefore, a citizen of the State of Ohio for diversity purposes. Accordingly, complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332 (a)(1).

###### C.    *Amount in Controversy*

Plaintiffs' Complaint does not, in any way, limit Plaintiffs' claims for damages. When a plaintiff seeks unspecified damages, such as here, the removing defendant must only demonstrate by a "preponderance of the evidence" that the requisite amount in controversy is present. *See Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1259 (N. D. Ala. 1999). Thus, NCS need only show that it is more likely than not that the damages sought in this action exceed $75,000.00. By seeking unspecified damages, the monetary amount demanded in the Complaint is altogether unqualified and unlimited. *See, e.g., Tapscott v. MS*

---

[2] Mr. Fazekas claims that he "does not presently know where Mary Hawkins and the [minor] Plaintiffs are living." *See* Complaint, ¶ 23. Mr. Fazekas does, however, claim that the minor plaintiffs lived "from time to time" in Tuscaloosa County, Alabama. Id at ¶¶ 1, 2. The Application and Contract between NCS and Ms. Hawkins, referenced in the Complaint, establishes that the minor plaintiffs presently reside with their mother in Indiana.

*Dealer Serv. Corp.*, 77 F. 3d 1353, 1359 (11th Cir. 1996) (When Plaintiffs make an unspecified claim for damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit).

The damages requested by Mr. Fazekas may be aggregated to determine whether the jurisdictional threshold is met in this case. Based on the allegations of the Complaint, the child support arrearage at issue between Mr. Fazekas and the minor plaintiffs was $30,432.00 in "Principal Due" and $6,298.53 in "Interest Due" as of September 30, 2003. *See* Complaint, ¶ 22. Mr. Fazekas alleges NCS attempted to collect this amount from him. By this action, Mr. Fazekas is seeking to avoid payment of the arrearage by having the agreement between Ms. Hawkins and NCS declared null and void.

Plaintiffs have also sought declaratory and injunctive relief. "For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Morrison*, 228 F.3d at 1268. "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id.*

In this case, the requested injunctive relief would essentially allow Mr. Fazekas to continue to avoid his responsibilities of providing child support for the minor plaintiffs. Mr. Fazekas' child support obligation is $112.00 per month. Mr. Fazekas must pay child support until Zachary Lawrence Fazekas (DOB 2/1/96), the younger of the two minor plaintiffs, reaches the age of majority. From Mr. Fazekas' perspective, the avoidance of child support

obligations between now and 2015 would have a present day value of approximately $64,064.00.[3]

Plaintiffs also request attorneys' fees and injunctive relief. It is well-settled that when attorneys' fees are provided by statute, they must be included when appraising the amount in controversy. *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (when a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy.). In a case such as this, attorneys' fees could easily push the amount in controversy well above the jurisdictional threshold of $75,000.00.

Taken as a whole, the amount in controversy in this matter greatly exceeds $75,000.00, exclusive of interest and costs.

## Timeliness of Removal

This Notice of Removal is filed on behalf of all served defendants within the time allowed by 28 U.S.C. §1446(b), in that it was filed within thirty (30) days following receipt of the Complaint by the first (and only) served defendant, NCS, which consents to and moves for removal of the action.

---

[3] Mr. Fazekas is obligated to pay child support of $112.00/week, which equates to an annual obligation of $5,824.00. If Mr. Fazekas continued to avoid his child support obligations until 2015, then he would avoid paying a present value of $64,064.00 in child support to the minor plaintiffs.

B0370884                                    7

### Notice to the Circuit Court of Tuscaloosa County, Alabama

Contemporaneously with the filing of this Notice of Removal and in accordance with 28 U.S.C. §1446 (d), a copy of this Notice of Removal was filed with the Circuit Court of Tuscaloosa County, Alabama.  A copy of this Notice of Removal was also contemporaneously served on Plaintiffs' counsel.

### CONCLUSION

For the foregoing reasons, NCS respectfully requests this Court to exercise federal question and diversity jurisdiction over this matter.  NCS respectfully requests this Court to issue all necessary Orders and process an Order to effectuate the removal of this action from the Circuit Court of Tuscaloosa County, Alabama, to the United States District Court for the Northern District of Alabama, Western Division.

J. Bentley Owens, III
Bryan O. Balogh
Attorneys for Defendant Innovative Collection
Concepts, Inc., d/b/a National Child Support,
d/b/a National Child Support Center


OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000

B0370884                                      8

CERTIFICATE OF SERVICE

    I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the _____ day of March, 2004.

_____
OF COUNSEL

cc:
Mr. Milton Brown, Jr.
Attorney at Law, P.C.
2608 - 8th Street
Tuscaloosa, Alabama 35401

Mr. Stephen P. Gregory
DICE & GREGORY, L.L.C.
2824 Seventh Street
Tuscaloosa, Alabama   35401

Mr. Charles M. Coleman
Mr. Randal Kevin Davis
DAVIDSON, WIGGINS & JONES, P.C.
2625 - 8th Street
Tuscaloosa, Alabama 35403-1939

IN THE CIRCUIT COURT
OF TUSCALOOSA COUNTY, ALABAMA

ZACHARY LAWRENCE FAZEKAS, a minor,
and SABRINA LEANNE FAZEKAS, a minor,
by and through their father and next friend,
LAWRENCE FAZEKAS, on behalf of
themselves and all others similarly situated;
LAWRENCE FAZEKAS, on behalf of himself
and all others similarly situated,

Plaintiffs,

VS.                                                    CIVIL ACTION NO. CV-2004-/82   CRM

INNOVATIVE COLLECTION CONCEPTS,
INC., d/b/a NATIONAL CHILD SUPPORT,
d/b/a NATIONAL CHILD SUPPORT
CENTER, and FICTITIOUS DEFENDANTS A-
N, being those persons, firms, partnerships,
corporations, limited liability companies or
entities who entered into unlawful contracts for
collection of child support; DEFENDANTS A-
N cannot be more particularly identified at this
time but their identities will be promptly added
by amendment as soon as ascertained,

Defendant.

SUMMONS - CIVIL

TO:
National Child Support
P. O. Box 42437
Cincinnait, Ohio 45242

__XX__ This service by certified mail of this summons is initiated upon the written request of
Plaintiff pursuant to the Alabama Rules of Civil Procedure.

_____ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either Rules 4.1(b)(2) or
4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure.  You are hereby commanded to
serve this summons and a copy of the complaint in this action upon defendants.

EXHIBIT "A"

NOTICE TO:
National Child Support

     The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint to <u>Milton Brown, Jr., Attorney at Law, P.C.</u>, whose address is 2608 8th Street, Tuscaloosa, Alabama 35401.

     This answer must be mailed or delivered within thirty (30) days after this summons and complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the complaint. You must also file the original of your answer with the clerk of this court.

_2-2-04_
Date

_Doris J. Turner_
Clerk Signature

_____
(Deputy Clerk Initials)

IN THE CIRCUIT COURT
OF TUSCALOOSA COUNTY, ALABAMA

ZACHARY LAWRENCE FAZEKAS, a
minor, and SABRINA LEANNE FAZEKAS,
a minor, by and through their father and
next friend, LAWRENCE FAZEKAS, on
behalf of themselves and all others similarly
situated; LAWRENCE FAZEKAS, on behalf
of himself and all others similarly situated,

               Plaintiffs,

VS.                               CIVIL ACTION NO.  CV-2004- /82

INNOVATIVE COLLECTION CONCEPTS,
INC., d/b/a NATIONAL CHILD SUPPORT,
d/b/a NATIONAL CHILD SUPPORT
CENTER, and FICTITIOUS DEFENDANTS
A-N, being those persons, firms,
partnerships, corporations, limited liability
companies or entities who entered into
unlawful contracts for collection of child
support; DEFENDANTS A-N cannot be
more particularly identified at this time but
their identities will be promptly added by
amendment as soon as ascertained,

               Defendants.

## CLASS ACTION COMPLAINT

Plaintiffs, Zachary Lawrence Fazekas, a minor, and Sabrina Leanne Fazekas, a

minor, on behalf of themselves and all others similarly situated, by and through their

father and next friend, Lawrence Fazekas, and Lawrence Fazekas, on behalf of himself

and all others similarly situated, hereby bring this civil action against Defendant

Innovative Collection Concepts, Inc., for declaratory and injunctive relief and restitution

of monies collected pursuant to unlawful agreements or contracts to collect child support

payments.

## PARTIES

1.     Zachary Lawrence Fazekas ("Plaintiff") is an individual under nineteen years of age from time to time residing in Tuscaloosa County, Alabama, who brings this action by and through his father and next friend, Lawrence Fazekas.

2.     Sabrina Leanne Fazekas ("Plaintiff") is an individual under nineteen years of age from time to time residing in Tuscaloosa County, Alabama, who brings this action by and through her father and next friend, Lawrence Fazekas.

3.     Lawrence Eugene Fazekas, ("Mr. Fazekas") an individual over nineteen years of age, is the father and next friend of Zachary Lawrence Fazekas, a minor, who from time to time resides in Tuscaloosa County, Alabama, with Zachary Lawrence Fazekas.

4.     Lawrence Eugene Fazekas, an individual over nineteen years of age, is the father of Sabrina Leanne Fazekas, a minor, who from time to time resides in Tuscaloosa County, Alabama, with Sabrina Leanne Fazekas.

5.     From time to time herein, Zachary, Sabrina, and Lawrence Fazekas are collectively referred to as Plaintiffs.

6.     Lawrence Eugene Fazekas, an individual over nineteen years of age, is the father of Zachary Lawrence Fazekas and Zachary Lawrence Fazekas and is a resident citizen of Tuscaloosa County, Alabama.

7.     Upon information and belief, Defendant Innovative Collection Concepts, Inc., d/b/a National Child Support, d/b/a National Child Support Center is an Ohio corporation doing business in Alabama.

2

8.      Fictitious Defendants A-N (sometimes referred to "Does A-N" hereinafter) are those persons, firms, partnerships, corporations, or other entities who entered into unlawful contracts for collection of child support.  Does A-N cannot be more particularly identified at this time but Plaintiffs will amend their Complaint promptly at such time as Plaintiffs ascertain their identities.

## CLASS ALLEGATIONS

9.      Plaintiffs bring this action pursuant to the Alabama Rules of Civil Procedure on behalf of themselves and all other persons similarly situated.

10.     The Children's Class is a class composed of all children entitled to receive child support pursuant to, or by virtue of, an original judgment of support or judgment of modification, entered by courts in all states in which the right to child support cannot be assigned to anyone other than the children to whom child support payments are owed, including without limitation Alabama and Indiana (the "Relevant Jurisdictions"), whose support is and/or was purportedly subject to any agreement between Defendants and a custodial parent to collect said child support, at any time preceding the date of class certification.

11.     The Non-Custodial Parents Class is a class composed of all non-custodial parents whose support payments are or were purportedly subject to any agreement between Defendants and a custodial parent to collect said child support, at any time preceding the date of class certification, in all states in which the right to child support cannot be assigned to anyone other than the children to whom child support payments are owed, including without limitation Alabama and Indiana (the "Relevant Jurisdictions").

3

12.     The Children's Class and the Non-Custodial Parents Class are sometimes hereinafter referred to as the Classes. Excluded from the Classes are all officers, directors, and employees of the Defendants, the children of all officers, directors, and employees of the Defendants, all judicial officers in the State of Alabama and their relatives to the third degree of kinship, and the children of all judicial officers in the State of Alabama and their relatives to the third degree of kinship.

13.     Members of the Classes referred to above who are similarly situated are readily ascertainable, but are so numerous that joinder is impractical.

14.     The Plaintiffs' claims raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the Classes.

15.     The Plaintiffs' claims are typical of the claims of the Classes they seek to represent.

16.     Plaintiffs will fairly and adequately protect and represent the interests of each member of the Classes.

17.     There is no plain, speedy, or adequate remedy other than by maintenance of this representative action because damage to each member of the class is in many instances relatively small, making it economically unfeasible for class members to pursue remedies individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against the Defendants which would establish incompatible standards of conduct for the Defendants.

18.     The Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with

4

respect to the Classes as a whole.

19.     The questions of law or fact common to Plaintiffs' claims and the claims of each member of the Classes predominate over any questions of law or fact affecting only individual members of the Classes, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## GENERAL ALLEGATIONS

20.     In September 2003, Mr. Fazekas was contacted by personnel employed by Defendants and informed that Mary Hawkins, the mother of Plaintiffs, had entered into a contract with Defendants wherein Defendants were appointed as the exclusive agent for Mary Hawkins to collect child support owed to the Plaintiffs from Mr. Fazekas.

21.     Over the next several weeks, Mr. Fazekas was called at least fifteen times at his place of employment by agents or employees of Defendants, and Mr. Fazekas' wife was called at home (even though Mr. and Mrs. Fazekas have a non-published telephone number) on at least four occasions. The callers were on each and every occasion rude, hostile and threatening. One caller informed Mrs. Fazekas that the Defendants knew that Mr. & Mrs. Fazekas live next door to Mrs. Fazekas' parents and that Mrs. Fazekas' parents could provide the funds sought by Defendants. Another caller threatened Mrs. Fazekas by claiming that the Defendants would have Mr. Fazekas arrested if they did not receive payment. Another threatened to take Mrs. Fazekas' automobile. On several occasions, agents or employees of the Defendants claimed that if Mr. Fazekas would pay approximately one-half of what Defendants claim is owed Defendants, all Mr. Fazekas' child support obligations would be canceled.

5

22.     On September 30, 2003, Mr. Fazekas received by United States Mail a

memorandum (copy attached as Exhibit A) from Defendants informing him that he owed

$30,432.00 in "Principal Due" and $6,298.53 in "Interest Due." The memorandum

informed Mr. Fazekas, *inter alia*, that "Our client has authorized NCS to investigate the

possibility of negotiating a settlement with you. A settlement could mean that you could

pay substantially less than the referenced amount above. Any mutually agreed settlement

amount, must be paid in a single payment as opposed to any extended monthly payment

plan. Such settlement amount would have to be paid to NCS in the near future."

23.     The court file regarding Mr. Fazekas child support obligations is closed, and Mr.

Fazekas had been making his child support payments directly to his children in care of

their mother, Mary Hawkins. Mr. Fazekas was current with all child support payments

until their mother moved and left no forwarding address. From early 2000 until April

2001, both children lived with Mr. and Mrs. Fazekas in Tuscaloosa County, Alabama.

Mr. Fazekas does not presently know where Mary Hawkins and the Plaintiffs are living.

24.     Defendants' website includes its standard application form. A copy of said form

is attached hereto as Exhibit B. The website includes, the following statements, at

http://www.nationalchildsupport.com/applications/forms.htm:

Costs Involved

> If we don't collect, we don't get paid. There is no money required up front
> for our collection services. We assume all of the financial risk in pursuing
> a case by investing money up front today to get our clients their money for
> tomorrow.
>
>  * Our professional fee is 34 percent of any monies collected. This
> includes all legal fees should litigation become necessary.
>  * In many cases, we also collect the delinquent interest owed, which
> may cover part of our fee.

25.    Upon information and belief, members of the Children's Class are entitled to support that is purportedly subject to agreements or contracts with Defendants including the contingency fee provision recited above.

26.    It is well settled in Alabama that minor children have a fundamental right to support from their parents until they reach the age of majority, and this right is one which cannot be waived. State Dep't of Human Res. v. Nathan, 655 So.2d 1044 (Ala. Civ. App. 1995).

27.    It has long been the law in Alabama that the right of a child to receive support from its parent is inherent and cannot be waived by parents, even by agreement. Miller v. Atkinson, 810 So.2d 799 (Ala.Civ.App. 2001) . The assignment of child support monies by a parent to a third party is null and void under Alabama law. See Id.

28.    The courts of Indiana "have consistently held that the parent having custody of a child is merely the trustee of the child support payments and has no right to contract away the benefits of the trust in favor of the child." *Pickett v. Pickett*, 470 N.E.2d 751 (Ind. App. 1984); *see also Roberts v. Roberts*, 644 N.E.2d 173 (Ind. 5th App. Dist. 1994).

29.    The contracts or agreements between custodial parents of the members of the Children's Class and Defendants which purportedly permit the Defendants to keep, be paid, or otherwise retain for their own benefit, a portion of any support payments owed to the Children's Class, and paid by the non-custodial parent are null and void as against the public policy of the Relevant Jurisdictions.

7

## COUNT ONE
### Declaratory Judgment and Injunctive Relief

30.    Plaintiffs reallege and incorporate by reference the factual allegations set forth above as if fully set forth herein.

31.    A justiciable controversy exists with respect to the validity vel non of the agreements or contracts between Defendants and custodial parents.  The rights, status or other legal relations of Plaintiffs and members of the Classes are affected by the agreements or contracts.

32.    Plaintiffs and the member of the Classes are entitled pursuant to extant Alabama law, including without limitation, §6-6-220 et seq., Code of Alabama 1975 as amended, to have the validity vel non of said contracts or agreements determined.

33.    This claim is brought pursuant to applicable law, including without limitation, §6-6-220 et seq., Code of Alabama 1975 as amended and ARCP Rule 57.

34.    Plaintiffs and the members of both Classes are entitled to injunctive relief against the Defendants to enjoin Defendants from all attempts to collect any monies from Mr. Fazekas and the members of the Non-Custodial Parents Class pursuant to the agreements or contracts with custodial parents.

## COUNT TWO
### Money Had and Received

35.    Plaintiffs reallege and incorporate by reference the factual allegations set forth above as if fully set forth herein.

36.    Plaintiffs and the Members of the Children's Class are entitled to all fees collected and retained by Defendants, pursuant to the contracts or agreements with custodial parents, to which they hold exclusive right.

8

## COUNT THREE
### Unjust Enrichment

37.    Plaintiffs reallege and incorporate by reference the factual allegations set forth above as if fully set forth herein.

38.    Defendants hold money which, in equity and good conscience and under law, belongs to Plaintiffs and Members of the Children's Class because it was improperly and unlawfully paid to Defendants through their collection of child support pursuant to unlawful and void contracts.

39.    Defendants have unjustly enriched themselves through entering into contingency fee agreements or contracts with custodial parents in jurisdiction in which the right to child support resides solely with the members of the Children's Class and cannot be assigned. All monies paid to Defendants for collection pursuant to such void contracts are due to be repaid to Plaintiffs and the members of the Children's Class.


## COUNT FOUR
### CONSTRUCTIVE TRUST

40.    Plaintiffs reallege and incorporate by reference the factual allegations set forth above as if fully set forth herein.

41.    As a result of the relationship between the parties and the facts as stated above, a constructive trust should be established over the monies paid by the members of the Non-Custodial Parents Class through Defendants and retained by Defendants as fees under Defendants' unlawful and void agreements or contracts with custodial parents. Such monies are in the possession of the Defendant.

under Defendants' unlawful and void agreements or contracts with custodial parents. Such monies are in the possession of the Defendant.

42.    Defendants will be unjustly enriched if they are allowed to retain such funds, and therefore a constructive trust should be imposed on all monies wrongfully obtained by Defendants.

43.    Plaintiff and members of the Class have no adequate remedy at law by virtue of Defendants' conduct set forth above. .

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and all other similarly situated persons, demand judgment against Defendants as follows:

A. For an entry of an Order allowing this cause to proceed as a class action;

B. For an entry of an Order declaring the contracts or agreements at issue null and void pursuant to the laws of the Relevant Jurisdictions;

C. For an entry of an Order declaring the contract or agreement between Defendants and Mary Hawkins null and void pursuant to Alabama and Indiana law;

D. For restitution of all fees collected by the Defendants pursuant to the contracts or agreements;

E. For injunctive relief prohibiting the Defendants from collecting or engaging in efforts to collect any fees in the future in the Relevant Jurisdictions pursuant to the contracts or agreements;

F. For attorney's fees, costs and interest and such other relief that the Court deems equitable and proper.

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.

Steven P. Gregory
One of the Attorneys for Plaintiffs

OF COUNSEL:

DICE & GREGORY, L.L.C.
2824 Seventh Street
Tuscaloosa, Alabama 35401
(205) 758-2824 telephone
(205) 758-4538 telecopier

MILTON BROWN, JR., ATTORNEY AT LAW, P.C.
2608 Eighth Street
Tuscaloosa, Alabama 35401
(205) 391-0620 telephone
(205) 349-5450 telecopier

DAVIDSON, WIGGINS & JONES, P.C.
Charles M. Coleman (COL-017)
Randal Kevin Davis (DAV-137)
2625 8th Street
Tuscaloosa, Alabama 35403-1939
(205) 759-5771 telephone
(205) 752-8259 telecopier

PLEASE SERVE COMPLAINT BY CERTIFIED MAIL

11

IN THE CIRCUIT COURT

OF TUSCALOOSA COUNTY, ALABAMA

ZACHARY LAWRENCE FAZEKAS, a minor,
and SABRINA LEANNE FAZEKAS, a minor,
by and through their father and next friend,
LAWRENCE FAZEKAS, on behalf of
themselves and all others similarly situated;
LAWRENCE FAZEKAS, on behalf of himself
and all others similarly situated,

Plaintiffs,

VS.

CIVIL ACTION NO. CV-2004- *182*

INNOVATIVE COLLECTION CONCEPTS,
INC., d/b/a NATIONAL CHILD SUPPORT,
d/b/a NATIONAL CHILD SUPPORT
CENTER, and FICTITIOUS DEFENDANTS
A-N, being those persons, firms, partnerships,
corporations, limited liability companies or
entities who entered into unlawful contracts for
collection of child support; DEFENDANTS A-
N cannot be more particularly identified at this
time but their identities will be promptly added
by amendment as soon as ascertained,



Defendant.

PLAINTIFFS' FIRST DISCOVERY REQUESTS

Plaintiffs request that the Defendants respond in accordance with the Alabama Rules of

Civil Procedure to the following interrogatories:

### Definitions

A.    If privilege is claimed in any respect to any request for production of documents, or any
part thereof, state the grounds for such privilege, and identify (1) the type of document;
(2) the general subject matter of the document; (3) the date of the document; (4) such

other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

B.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of documents any information which might otherwise be construed to be outside their scope.

C.      The responding person, official, agent or agents shall furnish such documents as are in the possession, custody or control of the Defendants, including, but not limited to, documents which are in the possession, custody or control of their attorneys, investigators, consultants, agents or employees and anyone else acting or purporting to act on behalf of said Defendants.

D.      The term "person" shall mean any natural person, partnership, corporation, joint venture, or other business entity, and al present and former officers, agents, administrators, managers, representatives, contractors, consultants, employees or others, acting or purporting to act on behalf of such person.

E.      The term "document" shall mean originals and non-identical copies of any writing or other tangible thing or data compilation in the custody, possession or control of the Defendants--whether printed, typed, reproduced by any process, written or produced by hand, including any graphic matter however produced or reproduced, or produced by any mechanical means--all data, in electronic, magnetic, mechanical, or other form of data storage capable of being transformed into written or oral matter, including, but not limited to, letters, affidavits, filings, reports, agreements, communications, correspondence, accounting records, contracts, letter agreements, telegrams, mailgrams, memoranda, summaries and/or records of personal or telephone conversations, diaries, calendars, photographs, tape recordings, facsimiles, minutes or records of conferences, reports and/or summaries of interviews, conversations, summaries of investigations, press releases, drafts of any documents, receipts, original or preliminary notes, films, videos, microfiche, microfilm, magnetic tapes or any other matter which is capable of being read, heard or seen with or without mechanical or electronic assistance.

F.      The interrogatories are directed to the Defendants herein and each and every one of its present, and any present and former officers, directors, agents, representatives, employees or other persons acting or purporting to act on their behalf.

G.      "You" and "your" and includes each party to whom these requests are addressed.

H.      "Plaintiff" and "Plaintiffs" include each named class representative and each unnamed class member that said class representatives seek to represent.

I.      If an "oral communication" is involved in your answer to an interrogatory, the following information is required:

a.  The identity of each person participating in each communication, the place where each communication occurred, and the name of each person present when the communication or any part of it was made.

b.  The substance of what was said by each person who participated in each communication.

c.  If not otherwise produced, a description of any writing that has been made recording, summarizing or reflecting the substance of the communication or any part of it, describing each writing with sufficient certainty so that it may be identified in a request for production of documents.

d.  The identity of the person who has possession or control of any mechanical, magnetic, or electrical recording that has been made of the communication.

e.  The date of the communication and the location of each of the persons participating in it when the communication was made.

## INSTRUCTIONS

1.  The Defendants shall answer the interrogatories separately and fully in writing under oath. Each interrogatory shall be answered, to the extent possible, in the space following the interrogatory; however, supplemental pages should be used if needed for a complete answer. The Answer shall be served, and a copy filed, thirty (30) days after the service of the interrogatories or at such later time as the Court may establish at a discovery conference.

2.  The Defendants shall supplement all answers to the interrogatories as required pursuant to the Alabama Rules of Civil Procedure.

3.  If any document responsive to any interrogatory answered is withheld by reason of any assertion of privilege, the Defendants shall submit a schedule at the time of production stating, for each document withheld, the following information:

a.  The type of document (e.g., letter, memorandum, account statement, tax form);

b.  The date the document was prepared, and the date of any meeting or conversation reflected by or mentioned in the document;

c.  The name of each author, co-author, or preparer of the document, and the name of each recipient or addressee, including each recipient of a copy of the document;

d.  Whether the document reflects or refers to a meeting or conversation, and if so, the name of each person who was present at or was a party to the meeting or conversation;

e.  The subject matter of the information contained in the document;

f.    The nature of the privilege asserted; and

g.    A brief explanation of the basis for privilege.

4.    The answer to each interrogatory shall include:

a.    such knowledge as is within your custody, possession, or control including but not limited to, knowledge and documents in the custody, control, or possession of your agents, such, but not limited to your accountants, consultants, or attorneys; and

b.    such knowledge as is available to you by reasonable inquiry, including inquiry of your agents

4.    Where facts set forth in your answer or portions thereof are supplied upon information and belief, rather than actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information and belief. If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

5.    If the interrogatory asks for information which could have at one time been answered by consulting documents which are no longer in existence, then, in answer to such interrogatory:

a.    Identify what information was maintained;

b.    Identify all the type or types of documents which contain such information;

c.    State the time period during which such documents ceased to exist;

d.    State the circumstances under which such documents ceased to exist;

e.    State the date when such documents ceased to exist;

f.    Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and,

g.    Identify all persons who have knowledge or had knowledge of the documents and the contents thereof.

## INTERROGATORIES

1.    a.    Identify each person providing information used in the preparation of your response to these interrogatories and indicate the specific interrogatories concerning which each such person provided information.

b.    Identify each person who assisted in searching for, gathering, and reviewing documents requested in the requests for production, and indicate the specific requests

4

concerning which each such person searched for, gathered, and/or reviewed documents.

2. State the number or, if you cannot provide the exact number, the approximate number of members of the putative class alleged in the complaint. If you do not know the exact or approximate number, give your best judgment as to the number of putative class members.

3. State the name and address (or latest address that you have) for each member of the putative class.

4.    a.    Describe the information that is available concerning the identities of the class members and their addresses. If the information is available in a computer or computer readable form, or format, include that form or format in your answer.

b.    Describe how and from whom the information referred to in response to subpart (a) may be obtained.

5.    State whether you have ever been a Defendant in any lawsuit.

a.    State with respect to each such lawsuit the names of all parties, the docket or case number, the court or courts in which the lawsuit is or was pending, the date of the complaint, and the disposition, if any, whether by settlement or judgement.

b.    Identify all documents which were produced for, or which refer or relate to, any such lawsuit, including but not limited to all pleadings and correspondence and all internal notes and memoranda.

6.    Describe your policy with respect to the retention or destruction of documents, including but not limited to data stored in computer-readable form, including time periods, and, if such policy is different with respect to any certain category of documents or at any different times, identify each such category or time period and state your retention policy with respect to each category or time period and identify each document reflecting or relating to same.

7.    Describe all electronic data processing systems, programs and outputs thereof including but not limited to any electronic mail systems, which were: (a) utilized by you to record, store, compute, analyze or retrieve any information referring to the assignment and collection of child support; and (b) identify each person who has been in charge of such systems or programs during the relevant period.

8.    Describe the extent and nature of any other litigation concerning the controversy involved in this case. Your description should include but should not be limited to the name, case number, and court or agency where the litigation is pending, the claims made in the litigation, and the outcome, if any, of the litigation.

5

9. Do you contend that there are any difficulties likely to be encountered in the management of the class action alleged in the complaint? If so,

        a.     Describe any such difficulties.

        b.     State each and every fact that you rely upon in making such a contention.

        c.     Identify each and every person who has knowledge related to your contention.

10. With regard to each and every one of the accompanying requests for admission which you deny, state every fact known to you whom you contend supports your denial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs request that the Defendants respond in accordance with the *Alabama Rules of Civil Procedure* to the following requests and produce documents in response thereto; if any electronic media files exist with regard to any of the documents, please produce those in addition to the actual documents:

### Definitions

A.     If privilege is claimed in any respect to any request for production of documents, or any part thereof, state the grounds for such privilege, and identify (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

B.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production of documents any information which might otherwise be construed to be outside their scope.

C.     The responding person, official, agent or agents shall furnish such documents as are in the possession, custody or control of the Defendants, including, but not limited to, documents which are in the possession, custody or control of their attorneys, investigators, consultants, agents or employees and anyone else acting or purporting to act on behalf of said Defendants.

6

D.    The term "person" shall mean any natural person, corporation, agents, administrators, managers, representatives, employees or others, acting or purporting to act on behalf of such person.

E.    The term "document" shall mean originals and non-identical copies of any writing or other tangible thing or data compilation in the custody, possession or control of the Defendants--whether printed, typed, reproduced by any process, written or produced by hand, including any graphic matter however produced or reproduced, or produced by any mechanical means--all data, in electronic, magnetic, mechanical, or other form of data storage capable of being transformed into written or oral matter, including, but not limited to, letters, affidavits, filings, reports, agreements, communications, correspondence, accounting records, contracts, letter agreements, telegrams, mailgrams, memoranda, summaries and/or records of personal or telephone conversations, diaries, calendars, photographs, tape recordings, facsimiles,  statistical statements, minutes or records of conferences, reports and/or summaries of interviews, conversations, summaries of investigations, press releases, drafts of any documents, purchase orders, invoices, receipts, original or preliminary notes, films, videos, microfiche, microfilm, pictures, magnetic tapes or any other matter which is capable of being read, heard or seen with or without mechanical or electronic assistance.

F.    The requests for production are directed to the Defendants agents, representatives, employees or other persons acting or purporting to act on their behalf.

G.    "You" and "your" includes each party to whom these requests are addressed.

H.    "Plaintiff" and "Plaintiffs" include each named class representative and each unnamed class member that said class representatives seek to represent.

I.    If an "oral communication" is involved in your answer to a discovery request, the following information is required:

    a.    The identity of each person participating in each communication, the place where each communication occurred, and the name of each person present when the communication or any part of it was made.

    b.    The substance of what was said by each person who participated in each communication.

    c.    If not otherwise produced, a description of any writing that has been made recording, summarizing or reflecting the substance of the communication or any part of it, describing each writing with sufficient certainty so that it may be identified in a request for production of documents.

7

d.   The identity of the person who has possession or control of any mechanical, magnetic, or electrical recording that has been made of the communication.

e.   The date of the communication and the location of each of the persons participating in it when the communication was made.

J.   The Defendants are requested to produce general, summary, form, and class-wide related documents separate from any site-specific documents that may be subject to any request.

## REQUESTS FOR PRODUCTION

All documents which support or relate to your refusal, if any, to give an affirmative response to any of the preceding interrogatories.

1. Any and all internal notes, memoranda, correspondence, agendas or minutes of meetings, or other communications, in any form, from 2000, through the date of your most recent response to these requests, regarding any investigation referred to in the preceding document request.

2. Copies of all documents you provided to any governmental entity, including but not limited to the United States Department of Justice, or the Federal Bureau of Investigation, or any agency of any state, in connection with any investigation conducted by such entity into the conduct of you're receiving the assignment or right to collect child support.

3. All documents utilized or referred to by you in answering the interrogatories and requests for admission accompanying these document production requests.

4. All documents in your possession concerning assignment rights, attempts and/or collection of child support for putative class members.

5. All documents through which you have been given notice that a member of the putative class has challenged your authority or right for assignment of collection of child support.

## REQUESTS FOR ADMISSIONS

1. Admit that the number of members of the putative class alleged by the plaintiffs in the complaint is so numerous that joinder of all members is impracticable.

2. Admit that there are questions of law or fact common to the class.

8

3. Admit that individual members of the class do not have an interest in controlling the prosecution of separate actions against you.

4. Admit that it would be desirable to concentrate this litigation in one forum.

5. Admit that the claims of the named plaintiff are typical of the claims of the class.

6. Admit that the representative parties will fairly and adequately represent the interests of the class.

7. Admit that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for you.

8. Admit that the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

9. Admit that you have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

10. Admit that questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

11. Admit that a class action is superior to other methods for the fair and adjudication of the controversy.

12. Admit that the assignment of the right to collect child support is a violation of State law of the relevant jurisdictions, including but not limited to Alabama and Indiana, pursuant to the claims made the cause in Plaintiff's complaint.

13. Admit that you or your agent or employees  accepted by assignment, the right to collect child support.

Milton Brown, Jr.

9

**OF COUNSEL FOR PLAINTIFF:**

Milton Brown, Jr.
Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, AL 35401
Telephone (205) 391-0620
Telecopier (205) 349-5450

DICE & GREGORY, L.L.C.
2824 Seventh Street
Tuscaloosa, Alabama 35401
Telephone 205-758-2824
Telecopier 205-758-4538

DAVIDSON, WIGGINS & JONES, P.C.
Charles M. Coleman (COL-017)
Randal Kevin Davis (DAV-137)
2625 8th Street
Tuscaloosa, Alabama 35403-1939
(205) 759-5771 telephone
(205) 752-8259 telecopier

10