FILED
04 JUL -8 AM 9: 22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| ZACHARY LAWRENCE FAZEKAS, et al., | } } } | |
| Plaintiffs, | } } | |
| v. | } } | Case No.: CV 04-P-0451-W |
| INNOVATIVE COLLECTION CONCEPTS, INC., | } } } | ENTERED JUL -8 2004 |
| Defendant. | } } | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the court are Defendant Innovative Collection Concepts, Inc.'s Motion to Dismiss, Or Alternatively, Motion to Transfer (Doc. #3) filed on March 5, 2004, Plaintiffs' Motion to Remand and Motion for Award of Costs and Fees (Doc. #5) filed on March 22, 2004, Plaintiffs' Motion to Stay All Proceedings, Except Remand (Doc. #10) filed on April 23, 2004, and Plaintiffs' Motion to Strike Affidavit of James L. Durham (Doc. #11) filed on April 23, 2004.

Defendant removed this case based upon federal question and diversity jurisdiction. The critical inquiry in analyzing the propriety of the removal is whether Defendant has carried its burden to demonstrate by a preponderance of the evidence that the litigation satisfies the amount in controversy requirement to exceed $75,000.00, exclusive of interest and costs. Because the court determines that Defendant has not carried its burden on removal of showing that the amount in controversy is satisfied by a preponderance of the evidence, the case is due to be remanded to the Circuit Court of Tuscaloosa County, Alabama.



## II. Facts and Procedural History

Defendant is in the child support payment collection business. More specifically, Defendant contracts with custodial parents to collect against non-custodial parents who are past due on making their child support payments. In exchange for providing collection services to the custodial parent for the benefit of a child or children, Defendant takes out a percentage or contingency fee on the monies it is able to obtain from the parental deadbeat and the remaining amount is delivered to the client.

Mary Hawkins, the custodial parent of the minor plaintiffs, contracted with Defendant in an effort to collect child support payments owed by Plaintiff Lawrence Fazekas that were in arrears. Pursuant to the collection arrangement, Defendant was entitled to one-third of the amount collected from Plaintiff Fazekas. Defendant made efforts to collect child support from Plaintiff Fazekas, and Plaintiff Fazekas responded by filing a class action lawsuit in the Circuit Court of Tuscaloosa County, Alabama, personally and on behalf of his minor children. In his Complaint, Plaintiff Fazekas does not deny that he owes child support. Instead, Plaintiff Fazekas challenges the legitimacy of the collection agreement entered into between Ms. Hawkins and Defendant as an illegal assignment because to the extent any money is collected pursuant to this contract, a portion of the support owed for the benefit of his children, would be diverted to Defendant as a fee. On March 5, 2004, Defendant removed this case to this court (Doc. #1) on the basis of federal question and diversity jurisdiction.

## III. Discussion

Defendant bases its removal of this case partially upon federal question jurisdiction. More specifically, Defendant maintains that removal is proper because Plaintiffs' case implicates provisions of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), 42 U.S.C. § 666, *et seq*. However, that argument is wholly lacking in merit. The PRWORA is not an explicit part of Plaintiffs' lawsuit, and original jurisdiction under 28 U.S.C. § 1331 is not bestowed upon this court

through implication but rather through the appearance of a claim arising under federal law on the face of a well-pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 2 (1983) (describing well-pleaded complaint rule). As a result, the court does not have removal jurisdiction pursuant to federal question subject matter jurisdiction.

With removal premised upon diversity jurisdiction, the court must find that the parties are completely diverse; that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and that no other impediments to removal exist. 28 U.S.C. § 1332; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the Defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The parties do not dispute and the court agrees that the parties are diverse and that no other impediments to removal exist with respect to analyzing diversity jurisdiction. It is the valuation of the amount in controversy that is the key question here. Because Plaintiffs do not specify a damages amount in the Complaint, Defendant must establish by a preponderance of the evidence (rather than to a legal certainty) that the amount in controversy exceeds the jurisdictional minimum. *See Siermenski v. Transouth Financial Corp.*, 216 F.3d 945, 947-48 (11th Cir. 2000) (setting forth Eleventh Circuit case law regarding Defendant's burden of proof to support removal jurisdiction).

The appropriate focus for the court to use in evaluating whether Defendant has satisfied the amount in controversy requirement by a preponderance of the evidence is to define what is the appropriate object of the litigation from Plaintiffs' perspective. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). As confirmed during the court's June motion docket, it is undisputed that Plaintiff Fazekas owes nearly $40,000.00 in child support and that he has not paid any money to Defendant as Ms. Hawkin's collection agent. The court is not persuaded, as Defendant contends, that the legal object of the litigation

is to discharge Plaintiff Fazekas' obligation to make child support payments.[1] In fact, such a legal object would run directly counter with the interests of Plaintiff Fazekas' minor children, who are plaintiffs in the litigation. Instead, the object of the litigation, is to prevent Defendant from collecting child support as a third party agent for the custodial parent on a contingency fee basis. That is, Plaintiff Fazekas seeks to avoid paying any amount to Defendant because he does not want his children to be deprived of the value of the one-third collection fee.[2] From this perspective, the amount in controversy cannot be satisfied because one-third of the nearly $40,000.00 in child support owed (Defendant's contracted contingency fee portion) is only about $13,200.00, which obviously does not satisfy the jurisdictional minimum. Moreover, even if the court evaluates the object of the litigation as Defendant suggests, the amount in controversy is only $40,000.00, which similarly does not reach the jurisdictional hurdle.

While the court agrees with Plaintiffs that this case should be remanded for lack of removal jurisdiction, it disagrees that an award of attorney's fees and costs against Defendant is warranted. A separate order remanding this entire action to the Circuit Court of Tuscaloosa County, Alabama, shall be entered.

**DONE** and **ORDERED** this 7th day of July, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] The court also rejects Defendant's argument that future child support payments that Plaintiff Fazekas is required to make are to be considered in the amount in controversy calculation.

[2] Although not related to the merits of Plaintiff's Motion to Remand, the court cannot resist the temptation to note the irony of Plaintiff Fazekas' position. A father who is morally and legally obligated to support his children, yet has failed and/or refused to do so, is so concerned that a contingency fee might deprive them of the money to which they are legally entitled that he files a class action? Undoubtedly, if Plaintiff were equally concerned about his children receiving support, this action would never have been filed.